IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALVIN S. CARTER**                                                                                    **PLAINTIFF**

v.                                                    CIVIL ACTION NO.: 3:22-cv-604-KHJ-MTP

**THE STATE OF, THE COUNTY OF,
and THE CITY OF**                                                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to comply with the Court's previous Orders [3] [6]. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On October 14, 2022, Plaintiff filed his Complaint [1] and Motion for Leave to Proceed *in forma pauperis* [2]. The Court found that additional information was needed to determine the factual basis for Plaintiff's claims and to evaluate Plaintiff's financial status. *See* Order [3]. The Court directed Plaintiff to provide a short and plain statement showing that he is entitled to relief, to provide the basis for the Court's jurisdiction, and to identify the defendants.[1] *See* Order [3]. The Court also directed Plaintiff to complete a long form *in forma pauperis* application and to identify his monthly expenses and the source of his food and shelter. The Court warned Plaintiff that failure to amend his complaint or provide additional financial information could result in the dismissal of this matter.

In response, Plaintiff filed a long form *in forma pauperis* application but did not provide the additional information about his financial status or the factual allegations supporting his claims as requested. *See* Response [4]; Motion [5]. On November 16, 2022, the Court again

---

[1] This case remains in a rather bizarre posture with no identified defendants.

1

directed Plaintiff to amend his complaint to clarify the claims that he is asserting including the factual allegations underlying his claims and the identities of the defendants. *See* Order [6]. Plaintiff was further ordered to provide additional information about his expenses, shelter, food, and other needs. The Court warned Plaintiff that his failure to provide this additional information by December 7, 2022, may result in dismissal of this action.

On November 28, 2022, Plaintiff filed another long form *in forma pauperis* application but did not provide the additional financial information as directed. Plaintiff also failed to clarify his claims, to provide the factual allegations underlying his claims, and to identify the defendants. To date, Plaintiff has failed to provide the additional information as directed.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Despite being given three chances to do so, Plaintiff has not provided sufficient information for the Court to evaluate his financial status. His last filing on November 28, 2022, makes a vague reference to real property and trusts, but he lists no such assets. *See* [7] at 5. Moreover, Plaintiff has not identified the defendants or clarified his claims as directed. In his Response [4] on October 28, 2022, he makes reference to "indigenous people" and "debt

collectors" and demands "protection and security from all the agencies." He closes with references to certain Bible verses but makes no discernable claims against anyone in particular. This matter should be dismissed for Plaintiff's failure to comply with the Court's Orders [3] [6].

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [5] [7] be DENIED;

2. Plaintiff's Complaint [1] be dismissed for failure to comply with the Court's Orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of January, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE